UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KENDRICK CANNON,

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, KENDRICK CANNON ("CANNON"), by and through his undersigned counsel, hereby sues THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. CANNON brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. CANNON was, at all times relevant, a citizen of the United States of America and in all respects sui juris.

3. PRUDENTIAL is a corporation with its principal place of business in the State of New

Jersey, is authorized to transact, and is transacting, business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, PRUDENTIAL, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to CANNON.

6. CANNON, at all times material, was an employee of Microsoft Corporation

7. CANNON was, at all times material, a plan participant under the Microsoft Corporation Long Term Disability Plan, Group Contract Number 43994 (the "LTD Plan"), which is a long term disability insurance policy issued by PRUDENTIAL to Microsoft Corporation. It is pursuant to Group Contract Number 43994 to which CANNON is entitled to benefits. A copy of the LTD Plan as provided by PRUDENTIAL has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. PRUDENTIAL is the insurer of benefits under the LTD Plan and is the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, PRUDENTIAL administered the claim with a conflict of interest and the bias this created affected the claim's determination. As such, PRUDENTIAL is not entitled to a deferential standard of review.

11. PRUDENTIAL is the fiduciary charged with making benefit determinations under the LTD Plan including the determinations made on CANNON's claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, CANNON is entitled to LTD benefits for the duration of his disability, or until his normal retirement age, so long as he remains disabled as required under the terms of the LTD Plan.

13. According to the LTD Plan, disability is defined as follows:

> **How Does Prudential Define Disability?**
>
> You are disabled when Prudential determines that, due to your **sickness** or **injury**:
>
> - you are unable to perform the **material and substantial duties** of your **regular occupation**, or you have a 20% or more loss in your **monthly earnings**; and
> - you are under the **regular care** of a **doctor**.
>
> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:
>
> - you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience; and
> - you are under the regular care of a doctor.
>
> The loss of a professional or occupational license or certification does not, in itself, constitute disability.

14. At all relevant times, CANNON complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since approximately October 1, 2018, CANNON has been disabled under the terms of the LTD Plan.

16. Since on or about October 1, 2018, due to sickness or injury, CANNON has been unable to perform the material and substantial duties of his regular occupation.

17. Since on or about October 1, 2018, CANNON has had a 20% or more loss in his monthly earnings due to sickness or injury.

18. Since on or about October 1, 2018, CANNON has been under the regular care of a doctor.

19. Since on or about October 1, 2018, due to sickness or injury, CANNON has been unable

to perform the duties of any gainful occupation for which he is reasonably fitted by education, training or experience.

20. At all relevant times, CANNON has been under the regular care of a doctor.

21. At all relevant times, CANNON was a Covered Person under the LTD Plan.

22. Shortly after becoming disabled, CANNON made a claim to PRUDENTIAL under the LTD Plan for disability benefits.

23. By letter dated March 17, 2020, PRUDENTIAL denied CANNON's LTD benefits contending that CANNON failed to satisfy the definition of disability.

24. CANNON timely and properly submitted an appeal of PRUDENTIAL's March 17, 2020 denial letter.

25. By letter dated April 22, 2021, PRUDENTIAL affirmed its decision to deny CANNON's claim for LTD benefits and advised CANNON that all required administrative remedies had been exhausted.

26. From February 15, 2019 to the present date, CANNON has not received benefits owed to him under the LTD Plan despite CANNON's right to these benefits.

27. PRUDENTIAL has refused to pay CANNON's LTD benefits since February 15, 2019.

28. At all relevant times, PRUDENTIAL was the payer of benefits.

29. At all relevant times, PRUDENTIAL was the "Insurance Company" identified throughout the LTD Plan.

30. At all relevant times, PRUDENTIAL was the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

31. At all relevant times, CANNON has been and remains Disabled and entitled to LTD benefits from PRUDENTIAL under the terms of the LTD Plan.

32. CANNON has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

33. CANNON incorporates Paragraphs 1 through 33 as if fully set forth herein.

34. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

35. Pursuant to 29 U.S.C. §1132(a)(1)(B), CANNON, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

36. CANNON has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of PRUDENTIAL's failure to pay his disability benefits.

37. CANNON has exhausted all required administrative remedies under the LTD Plan.

38. Defendant breached the LTD Plan and violated ERISA in the following respects:

   (a)   Failing to pay LTD benefit payments to CANNON at a time when PRUDENTIAL knew, or should have known, that CANNON was entitled to those benefits under the terms of the LTD Plan, as CANNON was disabled and unable to work and therefore entitled to benefits.

   (b)   Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of CANNON's claim for LTD benefits;

   (c)   After CANNON's claim was terminated in whole or in part, PRUDENTIAL failed to adequately describe to CANNON any additional

      material or information necessary for CANNON to perfect his claim along with an explanation of why such material is or was necessary.

      (d)    PRUDENTIAL failed to properly and adequately investigate the merits of CANNON's disability claim and failed to provide a full and fair review of CANNON's claim.

39. CANNON believes, and thereon alleges, that PRUDENTIAL wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which CANNON is presently unaware, but which may be discovered in this future litigation and which CANNON will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by CANNON.

40. Following the termination of benefits under the LTD Plan, CANNON exhausted all administrative remedies required under ERISA, and CANNON has performed all duties and obligations on his part to be performed under the LTD Plan.

41. As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL, CANNON has damages for loss of disability benefits in a total sum to be shown at the time of trial.

42. As a further direct and proximate result of this improper determination regarding CANNON's claim for benefits, CANNON, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), CANNON is entitled to have such fees and costs paid by PRUDENTIAL.

43. The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist, therefore, CANNON is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, KENDRICK CANNON prays for relief against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED:  July 23, 2021

        ATTORNEYS DELL AND SCHAEFER,
        CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL  33020
        Phone: (954) 620-8300
        Fax: (954) 922-6864

        /s/ *Rachel Alters*
        RACHEL F. ALTERS, ESQUIRE
        Florida Bar No.: 106232
        Email: Rachel@diattorney.com